**Renato Astorga LANDEROS,
Petitioner,**

v.

**Alberto GONZALES,\* Attorney
General, Respondent.**

No. 04–72652.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.\*\*

Decided Jan. 17, 2006.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\*\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

Renato Astorga Landeros, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's (IJ) denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we affirm.

Landeros contends that the IJ erred by concluding that he departed the United States pursuant to a grant of administrative voluntary departure in 1994, thereby breaking his period of continuous residence and rendering him ineligible for cancellation of removal. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 971–74 (9th Cir. 2003) (as amended). We review for substantial evidence the IJ's decision that an applicant has failed to establish the requisite continuous physical presence in the United States. *Vera–Villegas v. INS*, 330

---

the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F.3d 1222, 1230 (9th Cir.2003). Under this standard, the IJ's decision must be upheld if it is supported by reasonable, substantial evidence in the record, and may be reversed only if "the evidence presented compels a reasonable factfinder to reach a contrary result." *Id.*

Here, Landeros admitted that he was arrested in 1994 while working at a car wash in Chino, California, transported to INS offices at Riverside, and held there before being transported to Tecate, Mexico. In his application for cancellation of removal, Landeros responded in the affirmative to the question of whether he had ever departed the United States pursuant to a grant of voluntary departure. Thus, we cannot say that the record compels a finding contrary to that of the IJ.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).